UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VALIANT GREEN,

                       Plaintiff,        Case No. 16-CV-1059-JPS

v.

STATE OF WISCONSIN DOC,

                      Defendant.       **ORDER**

On August 10, 2016, Plaintiff filed a complaint *pro se* and a motion to proceed *in forma pauperis*. (Docket #1 and #2). On September 28, 2016, the Court screened his complaint and, noting the defects in it, ordered Plaintiff to file an amended complaint curing those defects no later than October 19, 2016. (Docket #4). The Court mailed a copy of this order to the address Plaintiff provided in the complaint. That order was returned as undeliverable on October 18, 2016, and Plaintiff did not provide a forwarding address.

On October 31, 2016, the Court, having not received Plaintiff's amended complaint, dismissed this action without prejudice for his failure to prosecute. (Docket #5 and #6); *see also* Civ. L. R. 41(c). The Court noted in that order that "Plaintiff is obliged to provide a suitable mailing address for Court communications. Plaintiff must also update that address if it changes." (Docket #5 at 1). Because Plaintiff had done neither, the Court was forced to dismiss his case. *Id.*

On March 6, 2017, over four months later, Plaintiff filed a motion requesting that the Court reopen the case. (Docket #7). He states that he never received any of the Court's orders in the mail because he had moved to a different, out-of-state address. *See id.* He claims that "[m]y address was

updated through the western district and other state agencys [sic]. I was unaware of how this happened." *Id.* Plaintiff contends that he did not learn of the dismissal in this case until March 1, 2017, when he contacted the office of the Clerk of the Court. *Id.*

Liberally construing the motion, the Court will assume that Plaintiff seeks relief from the Court's dismissal order under Federal Rule of Civil Procedure 60(b). That Rule allows a court to relieve a party from a final judgment, order, or proceeding on several grounds, including excusable neglect. Fed. R. Civ. P. 60(b)(1). However, relief under this Rule is an extraordinary remedy reserved for extraordinary circumstances. *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009).

The Court will not entertain Plaintiff's attempt to shift the blame for his failure to notify the Court of his change of address. His suggestion that others—who are not identified with meaningful specificity—would inform the Court of this change is inconsistent with Plaintiff's obligations in proceeding before this Court. This is his civil action, and it is his responsibility to prosecute it. *See Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (rejecting argument that plaintiffs' counsel, not the plaintiffs themselves, were at fault for failing to comply with court directives). His *pro se* status does not change this fact. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (finding that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer").

Page 2 of 3

Case 2:16-cv-01059-JPS   Filed 03/07/17   Page 2 of 3   Document 8

One of Plaintiff's obligations as a litigant is to provide the Court with a valid mailing address and to update it as needed. Without viable lines of communication, civil cases come to a standstill, as Plaintiff's did. This wastes already scarce judicial resources. Thus, the Court finds Plaintiff's excuse wanting, as have other courts faced with like circumstances. *See, e.g.*, *Peterson v. Glunt*, Civil Action No. 11–402, 2011 WL 6955812, at *2 (W.D. Pa. Dec. 8, 2011); *Williams v. Cambridge Integrated Servs. Group*, 235 F. App'x 870, 873 (3d Cir. 2007).

Moreover, although the Federal Rules normally provide that dismissal for failure to prosecute operates as a dismissal with prejudice, *see* Fed. R. Civ. P. 41(b), here the Court dismissed Plaintiff's action without prejudice, *see* (Docket #6). As a result, Plaintiff may re-file the case if he chooses. Because the dismissal does not prevent him from raising his claims in the future, and because Plaintiff does not offer good reasons for his failure to abide by his obligations as a litigant in this Court, the Court is not persuaded that reopening this case is either necessary or appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiff Valiant Green's motion to reopen this case (Docket #7) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 3 of 3

Case 2:16-cv-01059-JPS   Filed 03/07/17   Page 3 of 3   Document 8